34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Manuel Sesario DEPINEDA, Petitioner-Appellant,
v.
Aristedes ZAVARAS, Director Colorado (D.O.C.); Tom Cooper,
Warden, FCF (D.O.C.); Gale Norton, Attorney
General of the State of Colorado,
Respondents-Appellees.
 No. 94-1052.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Manuel Depineda, a prisoner in a Colorado correctional facility, appears pro se and appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The crux of Mr. Depineda's petition is that under the laws of Colorado he was tried in the wrong county court, the court that tried him thus lacked jurisdiction, and the judgment rendered against him is therefore null and void.
 
 
 3
 As the magistrate judge's recommendation explains, "to succeed in a petition for habeas corpus in federal court, a petitioner must allege a violation of federal law. '[C]laims of state procedural or trial errors do not present federal questions cognizable in a federal habeas corpus suit.' " Rec., doc. 6, at 2 (quoting Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979)). Accordingly, for substantially the reasons cited below, we affirm the orders dismissing Mr. Depineda's petition for habeas corpus and denying his application for a certificate of probable cause.[2]
 
 
 4
 Mr. Depineda has repeatedly abused the privilege of proceeding in this court by continuing to attack his arrest and conviction in successive and abusive habeas petitions. We recently set out filing restrictions to be followed in future proceedings in this court. See Depineda v. Hemphill, 94-1094 (filed August 29, 1994). We incorporate those restrictions herein.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Depineda's motion for summary judgment filed on appeal is also denied